**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **HECTOR OJEDA-SOTOLONGO,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-00028** |
| | § | |
| **MARKWAYNE MULLIN,** *et al.*, | § | |
| **Respondents.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Declaratory and Injunctive Relief, (Dkt. No. 1), Respondents' Motion for Summary Judgment, (Dkt. No. 13), and Petitioner's Motion to Expedite Ruling on Petition for Writ of Habeas Corpus, (Dkt. No. 22).

While the case has been pending, Petitioner's application for adjustment of status under the Cuban Adjustment Act was granted, and he is no longer detained in federal custody. (Dkt. No. 24). "Petitioner acknowledges that his release may affect the justiciability of some or all of his claims. However, out of an abundance of caution, Petitioner does not concede that all claims are moot and respectfully requests that the Court determine whether this action should be dismissed." (*Id.*). For the reasons stated below, the Court dismisses the petition and all pending motions as moot.

The instant petition was brought under 28 U.S.C. § 2241, which provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c) (emphasis added). Generally, the Court's jurisdiction is limited to "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "A claim is moot when a case or controversy no longer exists between the parties." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017). In the Section 2241 context, if a petitioner is not in the physical custody of immigration officials, and there are no known restrictive conditions on his liberty, then the petition is moot. *See Rosales v. Bureau of Immigr. & Customs Enf't*, 426 F.3d 733, 735 (5th Cir. 2005)

(explaining that Section 2241's "in custody" requirement extends beyond physical custody to also include other restraints on liberty).

Petitioner is a citizen of Cuba. (Dkt. No. 1 at 5). He has lived in the United States since his entry on November 11, 2022. (*Id.*). He was detained by immigration officials on December 18, 2025, after attending an ICE check-in appointment. (*Id.*). Petitioner filed the instant petition for a writ of habeas corpus, challenging his detention in federal immigration custody. (Dkt. No. 1). He asserted that his detention violated his rights under the Immigration and Nationality Act, Fifth Amendment Due Process Clause, and Administrative Procedure Act. While the petition was pending, Petitioner was granted adjustment of status under the Cuban Adjustment Act. (Dkt. No. 24). Petitioner was subsequently released from immigration custody on April 14, 2026. (*Id.*).

The Court finds that the petition must be dismissed as moot. Here, Petitioner is no longer in custody within the meaning of 28 U.S.C. § 2241(c). *See*, 426 F.3d at 735. He is not in physical custody of Respondents, and there are no restrictive conditions on his liberty at this time. As such, the Court finds no reason to believe that there is a live controversy remaining after Petitioner's release, and the Court therefore has no jurisdiction.

For the foregoing reasons, Petitioner's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Declaratory and Injunctive Relief, (Dkt. No. 1), is **DENIED WITHOUT PREJUDICE** as moot. Respondents' Motion for Summary Judgment, (Dkt. No. 13), and Petitioner's Motion to Expedite Ruling on Petition for Writ of Habeas Corpus, (Dkt. No. 22), are **DENIED** as moot.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on May 7, 2026.

John A. Kazen
United States District Judge

2 / 2